# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**MARY E. SMITH,**

       **Plaintiff,**

       Case No. 2:12-cv-556
       JUDGE SMITH
  v.       Magistrate Judge Deavers

**AMERIHOME MORTGAGE CORPORATION,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8). This motion is fully briefed and ripe for disposition. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    Background**

In August 2008, Plaintiff Mary E. Smith executed a promissory note to Liberty Mortgage Company, Inc., in the amount of $86,782 (the "promissory note"). The note was secured by a mortgage on property located in Columbus, Ohio. Defendant Amerihome Mortgage Corporation is the current holder of the promissory note and the related mortgage.

In July 2010, Defendant filed a foreclosure action in the Common Pleas Court of Franklin County, Ohio, asserting that Plaintiff was in default for nonpayment on the promissory note. In February 2012, Defendant voluntarily dismissed the state court foreclosure action pursuant to Ohio Rule of Civil Procedure 41(A)(1), leaving no state court foreclosure proceeding pending

between the parties.

In June 2012, *pro se* Plaintiff initiated this action against Defendant. To the extent it can be discerned from the Complaint, Plaintiff asserts that Defendant engaged in improper conduct in connection with the state court foreclosure proceeding initiated against her by Defendant. More particularly, Plaintiff alleges that Defendant did not follow requirements established by the Secretary of Housing and Urban Development ("HUD"), for loans insured under the Federal Housing Administration's ("FHA") Single Family Insured Loan program, when it initiated the foreclosure action against her, and that it committed fraud when it removed the FHA loan number from the loan papers to conceal the nature of the loan from the court. Plaintiff also asserts that she was charged various fees, required to make an additional payment toward her homeowner insurance policy, and that Defendant was dilatory in its communications with her. Lastly, Plaintiff alleges that her credit report has been negatively effected, suggesting that Plaintiff's actions caused this circumstance.

In August 2012, Defendant moved to dismiss for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss has been fully briefed and is ripe for review.

**II.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be

dismissed pursuant to Rule 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12(b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure, which requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"

A court, in considering a 12(b)(6) motion to dismiss, must "construe the complaint in the light most favorable to the plaintiff," accepting as true all the plaintiff's factual allegations. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). Although in this context all of the factual allegations in the complaint are taken as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Furthermore, to survive dismissal pursuant to Rule 12(b)(6), a claim must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Twombly*, at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, at 1950. While a complaint need not contain "detailed factual allegations," its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, at 555. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " *Iqbal*, at 1950 (quoting Fed.

R. Civ. P. 8(a)(2)). In the final analysis, the task of determining plausibility is "context-specific [and] requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. Discussion

Construing the Complaint liberally,[1] Plaintiff alleges that Defendant failed to comply with requirements set forth by HUD for loans insured under the FHA's Single Family Insured Loan Program in connection with the foreclosing proceeding. But this allegation is unavailing as it is well-accepted law that, while a mortgagee's noncompliance with HUD servicing requirements can be an affirmative defense to foreclosure, no private right of action exists under the HUD regulations. *See Federal National Mortgage Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989); *Wells Fargo Bank, NA v. Favino*, No. 10–cv–571, 2011 WL 1256771 (N.D. Ohio 2011). That is, "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies". *Id.* Therefore, there is no private right of action that may be brought by Plaintiff for Defendant's alleged noncompliance with HUD regulations governing foreclosure of federal insured mortgages.

Plaintiff alleges that Defendant committed fraud by "removing the FHA loan number from [her] loan papers so the courts would not know it was [an] FHA loan." (Compl. ¶ 1). Under Ohio law, in order to prevail on a theory of fraud, a plaintiff must prove the following elements: (1) a representation of fact or, where there is a duty to disclose, a concealment; (2) which is material to the transaction; (3) made with knowledge of its falsity or with such utter disregard and recklessness that knowledge of its falsity may be inferred; (4) with the intent to

---

[1] Because Plaintiff is proceeding *pro se*, this Court must construe her allegations liberally and apply a less stringent standard to those pleadings than to a complaint drafted by counsel. *Burrell v. Henderson*, 483 F. Supp.2d 595, 599–600 (S.D. Ohio 2007). However, a court does not need to accept as true "legal conclusions or unwarranted factual inferences." *Id.* at 600.

4

mislead another in relying on it; (5) justifiable reliance; and (6) injury proximately caused by the reliance. *Williams v. Aetna Fin. Co.*, 700 N.E.2d 859, 868 (Ohio 1998). A party cannot maintain an action for fraud when the fraudulent representations or concealments were not made to induce the plaintiff to act. *Wells v. Cook*, 16 Ohio St. 67, syllabus (1865). Consequently, a plaintiff fails to state a valid cause of action for fraud when she alleges harm due to a misrepresentation or concealment directed at another. *Moses v. Sterling Commerce America, Inc.*, 2002-Ohio-4327 (Ohio Ct. App. Aug. 15, 2002).

Here, Plaintiff alleges that Defendant attempted to mislead the foreclosure court, but she does not allege that Defendant intended to mislead her, or that she justifiably relied upon any misrepresentation or concealment to her detriment. Thus, even if Defendant filed documents with the intent to mislead, which Defendant denies, the intent to mislead would have been directed at the court, not Plaintiff. Accordingly, even accepting Plaintiff's allegations as true, she does not present a viable claim of fraud under Ohio law.

Plaintiff also vaguely alleges that Defendant's improper actions have damaged her ability to obtain credit at lower interest rates. However, Plaintiff fails to state a valid claim under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* Under the FCRA, "furnishers of credit information" must "report accurate information to consumer reporting agencies regarding a consumer's credit." *Bach v. First Union Nat'l Bank*, 149 F. App'x 354, 358 (6th Cir. 2005) (citing 15 U.S.C. § 1681s–2(a)(1)(A)). If a consumer disputes the accuracy of information furnished to a credit reporting agency, the furnisher is obligated to investigate the dispute and correct any inaccuracies discovered. *Id.* (citing 15 U.S.C. § 1681s–2(b)(1)(A)-(D)). A plaintiff alleging violations of § 1681s–2(b) may bring a private cause of action to enforce his rights

against the furnisher, *id.*, but only if the plaintiff can "show that the furnisher received notice from a consumer reporting agency, not the plaintiff, that the credit information is disputed." *Downs v. Clayton Homes, Inc.*, 88 F. App'x 851, 853–54 (6th Cir. 2004) (citing *Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639–40 (5th Cir. 2002)).

In this matter, Plaintiff has not pleaded that she disputed the accuracy of information reported to a consumer reporting agency, or that Defendant received notice from a consumer reporting agency that credit information furnished to the consumer reporting agency regarding her is disputed. Therefore, Plaintiff fails to plead all necessary elements of an FCRA claim, and this claim must be dismissed.

Finally, Plaintiff asserts that Defendant was dilatory in its communications, charged her late fees and attorney fees, and required her to make an extra insurance payment. Presumably, these fee and payment requirements were related to Defendant's position that she had defaulted under the terms of the mortgage loan agreement. Nonetheless, Plaintiff fails to present a cognizable claim. For this reason, these assertions are inadequate to state a claim upon which relief can be granted.

**IV.    Conclusion**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 8).

The Clerk shall remove Document 8 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

6

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**